CRONIN v. PAYNE.

1. WATERS AND WATERCOURSES — SURFACE WATERS — FLOWING LANDS.

One proprietor cannot divert the natural flow of water so as to discharge it upon his neighbor's property.

2. EQUITY—DECREE—CERTAINTY.

The decree of a court in equity may properly provide for the character of the drain to be used by a proprietor against whom complaint is made that he has diverted surface water from its natural course, upon complainant's property.

Appeal from Van Buren; Des Voignes, J. Submitted April 26, 1909. (Docket No. 46.) Decided May 26, 1909.

Bill by Will Cronin against Charles Payne and Anna Payne to restrain an unlawful diversion of surface water. From a decree for complainant, defendants appeal. Affirmed.

*Thomas J. Cavanaugh*, for complainant.

*Banard & Lewis*, for defendants.

BROOKE, J.   The complainant is the owner of the west 20 acres of the E. ½ of the S. E. ¼ of section 34, township of Arlington, Van Buren county, Mich.   The defendants Payne are the owners of the E. ½ of the W. ½ of the S. E. ¼ of said section 34; the lands of the defendants adjoining and lying immediately to the west of those of the complainant.

It is the claim of the complainant that the land of the defendants slopes to the east to a point within about 20 feet of the line between the two properties; that at that distance from the line the natural course of the water from the high ground to the west is almost due north into a well-defined ditch running practically east and west across both properties.   It is further complainant's claim that about the year 1902 the defendants caused said water-course, drain, or ditch to be filled up, so that the water could not longer pass into the same in a northerly direction to the Cronin ditch, and then and there cut and opened, or caused to be cut and opened, a ditch or drain from their land to the land of the complainant under the line fence, thereby diverting the water from its natural water-course and channel to the lands of the complainant, unfitting for cultivation from two to five acres of complainant's land and destroying the crops thereon.   The defendants made the claim that the waters in dispute in their natural course would flow onto complainant's land at the point in dispute.   A very great deal of testimony was taken in the court below, a digest of which will serve no good purpose.

After listening to the testimony, the learned circuit judge reached the following conclusion:

"It is quite impossible to read the evidence in this case without gaining the conviction that for many years prior to Payne's purchase of this land the surface waters from draws and table lands passed over and along the natural depressions or drain way on the Payne side of the line fence, finally discharging into a drain or outlet now known as the 'Cronin Drain.' The weight of the evidence inclines me to the belief that within the past 4 or 5 years an attempt was made to divert the water at a point marked 'Stakes and Stones,' and that the water was so diverted by defendant, whereby gullies or washouts were made under the line fence through which a large column of surface water was discharged under said fence and over and upon the complainant's land. In fact, the testimony of defendants hereinbefore set forth scarcely permits any other reasonable conclusion. This change, of course, has so altered the contour of the ground by filling and other unnatural causes that a personal view at this time of the disputed territory affords little, if any, aid as to conditions existing 8 years ago and for 20 years preceding that date."

We have examined the record with care, and have reached the conclusion that the learned circuit judge was correct in his disposition of the case. It is apparent that but little filling of the natural way on Payne's land was necessary to obstruct the flow of the surface water in its natural direction, and but little ditching to and under the line fence sufficient to divert it upon complainant's land. We are satisfied from the record that sufficient was done by the defendant in both directions to accomplish the end sought. That "one proprietor cannot divert a natural way, so that his water shall be discharged upon his neighbor," see *O'Connor* v. *Hogan*, 140 Mich. 613 (104 N. W. 29). See, also, *Yerex* v. *Eineder*, 86 Mich. 24 (48 N. W. 875, 24 Am. St. Rep. 113); *Finkbinder* v. *Ernst*, 126 Mich. 565 (85 N. W. 1127).

It is urged that in any event the decree should be modified, so as to restrain the defendants from diverting the water by artificial means upon the complainant's land

and compelling him to restore the land to its former condition. A decree of this character would only lead to further trouble between these parties. We are of opinion that the circuit judge was clearly right in determining with particularity in the decree the character of ditch to be maintained by the defendants upon their own property, in order that there might be no excuse for further contention.

The decree is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.